IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| v. | CRIMINAL FILE NO. 4:17-CR-006-04-HLM-WEJ |
| ANTHONY JOSEPH LAWHON, | |
| Defendant. | |

## ORDER

This case is before the Court on the Motion to Suppress/Motion in Limine to Exclude Statements and the Fruits Thereof filed by Defendant Anthony Joseph Lawhon ("Defendant") [213], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [227], and on Defendant's Objections to the Non-Final Report and Recommendation [230].

## I. Standard of Review

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990); <u>United States v. Gaddy</u>, 894 F.2d 1307, 1315 (11th Cir. 1990); <u>LoConte v. Dugger</u>, 847 F.2d 745, 750 (11th Cir. 1988). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at

2

784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

### A. Procedural Background

On December 5, 2017, a federal grand jury sitting in the Northern District of Georgia issued a First Superseding Indictment against Defendant and his co-defendants, Brian Hernandez Acosta ("Defendant Hernandez Acosta"), Nilageo Alvarez Acosta ("Defendant Alvarez Acosta"), and Brandi Rice Stumpe ("Defendant Stumpe"). (First Superseding Indictment (Docket Entry No. 102).) Count one of the First Superseding Indictment charged Defendant and his co-defendants with conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c). (Id. at 1-9.) The

3

superseding indictment charges Defendant in seven counts, including conspiracy to sex traffic minors, sex trafficking of minors, providing cocaine to a person under twenty-one years old, false statements to a federal agency, and production of child pornography. (See generally id.)

On May 11, 2018, Defendant filed his Motion to Suppress Statements/Motion in Limine to Exclude Statements and the Fruits Thereof. (Mot. Suppress (Docket Entry No. 213).) On July 5, 2018, Judge Johnson issued his Non-Final Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 227).) Judge Johnson recommended that the Court deny the Motion to Suppress Statements/Motion in Limine to Exclude Statements and the Fruits Thereof. (Id.)

Defendant filed Objections to the Non-Final Report and Recommendation. (Objs. (Docket Entry No. 230).) The time

4

period in which the Government could file a response to the Objections has expired, and the Court finds that the matter is ripe for resolution.

**B. Factual Background**

At 11:30 a.m. on February 2, 2017, Federal Bureau of Investigation ("FBI") Special Agent ("SA") Susan Scott, along with Task Force Officers Alex Rivera, Aaron Simpson, and Christopher Tucker met with Defendant at his home and interviewed him. (Gov't Attach. A (Docket Entry No. 220).) Defendant was not Mirandized before or during the interview. The Court, like Judge Johnson, "accepts the recording submitted by the Government as a true record of the encounter on that day for the purposes of ruling on the instant Motion." (Non-Final Report & Recommendation at 2.)

## III. Discussion

### A. Evidentiary Hearing

The Court agrees with Judge Johnson that there was no need for an evidentiary hearing here. (Non-Final Report & Recommendation at 1.) Defendant's arguments to the contrary in his Objections are not persuasive. (Objs. at 2-6.) The Court therefore overrules this portion of the Objections.

### B. Motion to Suppress Evidence

The Court finds that Judge Johnson accurately summarized the law governing the right to warnings made under Miranda v. Arizona, 384 U.S. 436 (1966).[1] (Non-Final

---

[1] The Court agrees with Judge Johnson's assessment of Defendant's brief references to the Sixth Amendment and other state and federal laws. (See Non-Final Report & Recommendation at 3 n.1 ("A laundry list of statutes and case law without developed legal argument is insufficient to establish violations thereunder.").) In any event, the Court concludes that the Sixth Amendment right to counsel did not attach here because there was no custodial interrogation and no prosecution

6

Report & Recommendation at 4-7.) The Court agrees with Judge Johnson that, under the totality of the circumstances, "[D]efendant has not established that the agents restricted his movements in a manner akin to a formal arrest or in any way that a reasonable person would conclude that he was in custody for the purposes of Miranda." (Id. at 5.) Indeed, as Judge Johnson noted:

> [Defendant] voluntarily returned to his home to speak with the agents, invited them inside, was not restrained, and was never told he could not leave or could not ask the agents to leave. (Audio Rec. 0:00-3:43.) Rather, [D]efendant directed the agents to sit down and almost immediately began discussing his relationship with [Defendant] Hernandez Acosta and continued speaking for fourteen minutes before inquiring whether he himself might be implicated. (Id. at 0:00-14:00.) The discussion remained conversational and polite throughout. The agents neither insisted that [Defendant] speak with them nor threatened him if he did not. Rather, the agents repeatedly told

---

was commenced. (Id.) To the extent that Defendant argues otherwise in his Objections, the Court overrules the objection.

7

> [D]efendant that it was his decision whether to speak to them or whether to contact an attorney, and that he could tell the agents at any point if he did not want to continue talking. (Id. at 17:26-17:37, 44:42-45:07, 46:25-46:32.)
>
> Here, the circumstances weigh in favor of finding the encounter to be a non-custodial interrogation. [Defendant] remained in his home throughout the encounter (a familiar and presumably comfortable environment), he was not physically restrained, and the agents made no threats, engaged in no displays of force, and used no harsh language.

(Id. at 5-6.) Judge Johnson also correctly rejected Defendant's argument "that his freedom of movement was restrained in the home because he believed it was necessary to ask the agents for permission to get a glass of water and because they followed him into the kitchen while he did so." (Id. at 6.) Moreover, Judge Johnson properly found that "the mere presence of multiple agents did not transform the encounter into custody and the agents' intentions in speaking

8

with [Defendant] are irrelevant." (Id. at 7.) The Court therefore agrees with Judge Johnson that Defendant "has not established that his freedom was curtailed to a degree associated with formal arrest or that he invoked his right to counsel," and finds that "the agents were not required to Mirandize [D]efendant or stop speaking with him at any time during the February 2, 2017 encounter." (Id.)

In his Objections, Defendant contends that additional facts surrounding the interview raise substantial questions as to whether Defendant was in custody. (Objs. at 6-7.) With all due respect to Defendant, none of those "additional facts" demonstrates that Defendant was in custody or was not free to leave. Similarly, Defendant's contention that he was not advised that he was free to leave or to stop the interview does not warrant a finding that Defendant was in custody. (Id. at 7-8.) Moreover, Defendant's argument that the agents

dominated the scene, making the fact that the interview occurred in the familiar surroundings of Defendant's home of little moment, is not persuasive in light of the Court's review of the recording of the interview. (Id. at 8-9.) The Court therefore overrules this portion of Defendant's Objections.

Judge Johnson also correctly rejected Defendant's contentions that his statements were involuntary or induced by false promises. (Non-Final Report & Recommendation at 8-12.) Judge Johnson accurately summarized the relevant law. (Id. at 8-10.)

The Court agrees with Judge Johnson that no evidence supports a finding that the agents coerced Defendant's February 2, 2017, statements. (Non-Final Report & Recommendation at 10.) As Judge Johnson noted:

> [T]he agents met with [Defendant] in his home, spoke with him in calm, conversational tones, made no threats or displays of force, and never

10

demanded that he continue speaking with them. Rather, the agents repeatedly reminded [D]efendant that the decision to do so was his. [Defendant] did not seem impaired and intelligently explained to the agents that he was a commercial contractor. The agents did not prevent [Defendant] from getting a drink when he was thirsty and the conversation was not unduly prolonged, but concluded amicably after about an hour.

The agents' assertions that the truth always helps and that they would tell their supervisor [D]efendant was cooperative do not constitute a promise of reward or leniency sufficient to make [Defendant's] statements involuntary. Rather, the agents clearly explained that any charging decisions were made by the prosecutor and that they were just fact finders. (See Audio Rec. 18:04-19:04, 45:45-46:13, 1:03:37-1:04:18.) Likewise, the agents' assertions that their questions about illegal drugs were not an attempt to make a six-month-old drug case does not constitute illegal inducement under the circumstances or a promise of immunity. The brief exchange regarding illegal drugs took place more than thirty-minutes into the conversation (id. 1:03-34:45), and is insufficient to render [Defendant's] statements involuntary. The agents gave [D]efendant no assurances that his statements would not be used against him and there is no indication the agents knew that prosecutors would charge [D]efendant with a drug

11

offense in a superseding indictment eight months later.

(Id. at 10-11.) Moreover, the Court agrees with Judge Johnson that the fact that Defendant "considered aloud whether he should contact an attorney before continuing to speak with the agents does not make his statements involuntary." (Id. at 11.) Judge Johnson properly concluded that "[t]he agents were not required to provide [D]efendant with information regarding their investigation or tell him if he was the focus of their questions." (Id. at 11-12.) Indeed, here, "[i]t is clear from [Defendant's] initial statements to the agents that [Defendant] knew of [Defendant] Hernandez Acosta's arrests and alleged dealings with minors, and that [Defendant] continued speaking with the agents in an effort to clear himself of any culpability." (Id. at 12.) The Court agrees with Judge Johnson that "[u]nder the totality of the

12

circumstances, there is no evidence that [Defendant's] free will was overborne by the agents during the February 2, [2017] encounter." (Id.)

In his Objections, Defendant contends that his statements were induced by the hope of benefit and the deceptive practices of the agents. (Objs. at 11-13.) Those contentions are unavailing. As an initial matter, the Court is not persuaded by Defendant's argument that Judge Johnson's "finding that the truth always helps did not render Defendant's statements involuntary[] is directly contradictory to U.S. Supreme Court and Eleventh Circuit precedent." (Id. at 13-15.) The Court also rejects Defendant's contentions that the agents repeatedly misled him concerning the consequences of relinquishing his right to remain silent. (Id. at 15-16.) Further, the Court is not persuaded that the agents lied to Defendant about critical matters concerning

13

the investigation or that the agents used "bait and switch" techniques. (Id. at 16-18.) Finally, the Court rejects Defendant's contention that, viewing all of the alleged coercive and deceptive tactics together, suppression is warranted. (Id. at 18-19.) The Court therefore overrules this portion of Defendant's Objections.

In sum, the Court agrees with Judge Johnson that Miranda warnings were not required during the February 2, 2017, encounter and that Defendant's statements during that encounter were voluntary and were not induced by false promises. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objections, and denies Defendant's Motion to Suppress/Motion in Limine to Exclude Statements and the Fruits Thereof.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [227], **OVERRULES** Defendant's Objections to the Final Report and Recommendation [230], and **DENIES** Defendant's Motion to Suppress Statements/Motion in Limine to Exclude Statements and the Fruits Thereof [213].

IT IS SO ORDERED, this the 3rd day of August, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE